## STONE *versus* McLANATHAN.

The writ, in which the plaintiff lives out of the State, is required by law, to be indorsed by a sufficient person, an inhabitant of this State, before entry of the action in Court.

And such requirement is satisfied by the indorsement thereon of the name of the attorney, being a sufficient person, although over his name, the words "from the office of" were previously printed by order of the clerk.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

ASSUMPSIT, on account annexed. Plaintiff lived out of the State.

A plea in abatement was filed for want of an indorser of the writ before entry, on which an issue was made.

On the writ blank, as prepared by the clerk, were printed the words "from the office of." Underneath the attorney wrote his name when he made the writ, and testified that he intended it to be an indorsement.

After the plea was filed, the attorney erased·the printed words over his name.

The cause was submitted to the full Court, and if they should be of opinion that the writ at the time of the entry was indorsed according to the requirements of the statute, a default is to be entered, otherwise the writ to be abated.

*Sweat*, for defendant.

*W. Goodenow*, for plaintiff.

SHEPLEY, C. J. — The words "from the office of" appear to have been printed on the back of the writ by direction of the clerk. They were not required by law. There is, therefore, no satisfactory evidence, that they were adopted by the plaintiff's attorney to limit the effect of his indorsement.

When an attorney does an act required by law, he must be regarded as having done it in obedience to the law.

The question presented appears to have arisen and to have been satisfactorily decided in the case of *State* v. *Ackley*, 8 Cush. 98. The indorsement appears to have been sufficient. *Defendant defaulted.*